**Mario Romero GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–76556.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 24, 2007.

Julia L. Osborne, Esq., Law Offices of Julia L. Osborne, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Mario Romero Garcia seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying Garcia's application for cancellation of removal. We deny in part, dismiss in part, and grant in part the petition for review, and remand.

Garcia's contention that the BIA erred by summarily affirming the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), and Garcia does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.